UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRYAN PRICHARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:05-0748 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| RICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Bryan Prichard has filed a Motion to Amend the Complaint (Docket No. 34), to which defendant Rick Smith has responded (Docket No. 34), and the plaintiff has replied (Docket No. 35). The plaintiff's motion will be **GRANTED**.

Mr. Prichard seeks to amend his Complaint to assert a claim for an unreasonable search, in violation of his Fourth Amendment rights, under 42 U.S.C. § 1983. Mr. Smith argues that Mr. Prichard's proposed amendment would be futile because Mr. Smith searched Mr. Prichard's person in the course of an investigative stop under the guidelines announced in *Terry v. Ohio*, 392 U.S. 1 (1968).

The defendant is in error. First, as the court held in its October 24, 2006 Memorandum, there exists a triable issue of fact as to whether the defendant had a reasonable suspicion to stop the plaintiff. (*See* Docket No. 36.) If the defendant did not have a reasonable suspicion to stop the plaintiff, any search to which the plaintiff did not consent would have violated the plaintiff's Fourth Amendment rights. *United States v. Smith*, 263 F.3d 571, 594 (6th Cir. 2001). Second, as the defendant himself admits, only limited searches are permissible during the course of an

1

investigative stop. *See Terry*, 392 U.S. at 27 (holding that, to justify a pat-down search, officers must show that "a reasonably prudent man in the circumstances . . . [would have believed] that his safety or that of others was in danger"). Therefore, even assuming that the defendant had a reasonable suspicion to perform a *Terry* investigative stop, there would still be a triable issue as to whether the search itself was reasonable. *Bennett v. City of Eastpointe*, 410 F.3d 810, 822 (6th Cir. 2005) ("A lawful stop does not necessarily carry with it the authority to conduct a pat-down search.")

In either of the above situations, there would be a triable issue as to whether an unlawful search occurred under 42 U.S.C. § 1983. Therefore the proposed amendment is not futile.

The plaintiff's Motion to Amend the Complaint is **GRANTED**. The plaintiff may amend the Complaint in conformance with his proposed First Amended Complaint.

It is so ordered.

Enter this 25th day of October 2006.

ALETA A. TRAUGER
United States District Judge